UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

VINCENT EDWARD OVALLE,

        Petitioner,

v.

J. TANNER,

        Respondent.
_____/

Case No. 1:25-cv-63

Honorable Maarten Vermaat

## OPINION

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006). After undertaking the review required by Rule 4, the Court concludes that the petition is barred by the one-year statute of limitations. Nonetheless, the Court will permit Petitioner, by way of an order to show cause, an opportunity to demonstrate why his petition should not be dismissed as untimely.

**Discussion**

**I.    Factual Allegations**

Petitioner is incarcerated with the Michigan Department of Corrections at the Macomb Correctional Facility (MRF) in Lenox Township, Macomb County, Michigan. On August 9, 2018, an Ingham County Circuit Court jury convicted Petitioner of criminal sexual conduct-1st degree (CSC-I), in violation of Mich. Comp. Laws § 750.520b, assault with intent to commit great bodily harm less than murder or by strangulation, in violation of Mich. Comp. Laws § 750.84, unlawful imprisonment, in violation of Mich. Comp. Laws § 750.349b, and torture, in violation of Mich. Comp. Laws § 750.85. *See People v. Ovalle*, No. 346175, 2020 WL 1170816, at *1 (Mich. Ct. App. Mar. 10, 2020). On September 27, 2018, the trial court sentenced Petitioner as a third-offense habitual offender, Mich. Comp. Laws § 769.11, to "concurrent prison terms of 427 to 1,000 months for his torture conviction, 24 to 360 months for his unlawful-imprisonment conviction, and 24 to 240 months for his AIGBH conviction, and to a consecutive prison term of 427 to 1,000 months for his CSC-I conviction." *See id.*

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences on March 10, 2020. *See id.* The Michigan Supreme Court denied Petitioner's application for leave to appeal on November 24, 2020. *See People v. Ovalle*, 950 N.W.2d 735 (Mich. 2020). On August 10, 2022, Petitioner filed a motion for relief from judgment[1] pursuant to Michigan Court Rule 6.502, which

---

[1] Case Events, *State of Michigan v. Ovalle*, No. 17-000627-FC (Ingham Cnty. Cir. Ct.), https://courts.ingham.org/CourtRecordSearch/ (enter Last Name "Ovalle, First Name "Vincent," Date of Birth "09/14/2023," check "Criminal/Traffic," select "Search;" check Case Number "17-000627-FC," select "Search;" select "View;" last visited Jan. 27, 2025).

was denied by the trial court on August 22, 2022. (ECF No. 1-1, PageID.105–107.) Petitioner did not appeal the denial of his Rule 6.502 motion to the state appellate courts.

Petitioner used this Court's form petition to prepare his § 2254 petition, but has provided very little information. Instead of completing the form, Petitioner directs the Court to "see attachments." Those attachments include: (1) a copy of the People's appellate brief from Petitioner's direct appeal; (2) a copy of Petitioner's appellate brief from his direct appeal; (3) a copy of the Michigan Court of Appeals' opinion affirming his convictions and sentences on direct appeal; (4) a copy of Petitioner's *pro per* application for leave to appeal to the Michigan Supreme Court; (5) a copy of the Michigan Supreme Court's order denying the application for leave to appeal; and (6) a copy of the trial court's August 24, 2022, order denying Petitioner's motion for relief from judgment pursuant to Michigan Court Rule 6.502.

This Court received Petitioner's § 2254 petition on January 17, 2025. Petitioner indicates that he gave his § 2254 petition to prison authorities for mailing to the Court on January 13, 2025. (§ 2254 Pet., ECF No. 1, PageID.13.) Under Sixth Circuit precedent, Petitioner's § 2254 petition is deemed filed as of January 13, 2025. *See Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

## II.  Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

3

> (A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)     the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### A.    Timeliness Under § 2244(d)(1)(A)

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As set forth *supra*, the Michigan Supreme Court denied Petitioner's application for leave to appeal on November 24, 2020. *See People v. Ovalle*, 950 N.W.2d 735 (Mich. 2020). Petitioner did not petition the United States Supreme Court for a writ of certiorari. (§ 2254 Pet., ECF No. 1, PageID.2.)

Petitioner's one-year limitations period under § 2244(d)(1)(A) did not begin to run until the period during which Petitioner could have sought review in the United States Supreme Court expired. *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Here, that period expired 150 days after November 24, 2020, or on Friday, April 23, 2021. *See Rules of the Supreme Court of the United States-Miscellaneous Order addressing the Extension of Filing Deadlines [COVID-19]*, 334 F.R.D. 801 (2020) (extending the period to file a petition for certiorari from 90 days to 150 days for petitions due on or after March

19, 2020); *Miscellaneous Order Rescinding COVID-19 Orders*, 338 F.R.D. 801 (2021) (rescinding the extension for orders denying discretionary review issued on or after July 19, 2021). Petitioner, therefore, had one year from April 23, 2021, until Saturday, April 23, 2022,[2] to file his habeas petition. That deadline was extended, however, to Monday, April 25, 2022, because the Court is not open on Saturdays. *See* Fed. R. Civ. P. 6(a)(1)(C) (noting that when the last day of a period stated in days falls on a Saturday, Sunday, or legal holiday, the "period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday"). As set forth above, Petitioner did not file his § 2254 petition until January 13, 2025. Obviously, absent tolling, Petitioner filed well more than one year after the time for direct review expired.

### B.      Statutory Tolling

The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed"). On August 10, 2022, Petitioner filed a motion for relief from judgment pursuant to Michigan Court Rule 6.502. The trial court denied the Rule 6.502 motion on August 24, 2022. (ECF No. 1-1, PageID.105–107.)

As noted above, public dockets do not reflect any appellate proceedings initiated by Petitioner to appeal the denial of his Rule 6.502 motion. Even though Petitioner did not seek to appeal the denial of his Rule 6.502 motion, he is entitled to statutory tolling for the six months from entry of judgment during which he could have sought leave to appeal to the Michigan Supreme Court. *Holbrook v. Curtin*, 833 F.3d 612, 615–18 (6th Cir. 2016); *see also Taylor v.*

---

[2] The Sixth Circuit recently confirmed that the one-year period of limitation runs to and includes the anniversary of the finality date. *See Moss v. Miniard*, 62 F.4th 1002, 1009–10 (6th Cir. 2023).

*Palmer*, 623 F. App'x 783, 786 (6th Cir. 2015) (citing Mich. Ct. R. 7.205(A), (G)). Thus, the limitations period would have ended on February 24, 2023, six months after the trial court denied Petitioner's Rule 6.502 motion. Petitioner, however, did not file his § 2254 petition until January 13, 2025. Thus, even with the benefit of any statutory tolling, Petitioner's § 2254 petition is clearly untimely.

  **C.**  **Equitable Tolling**

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner does not raise any arguments regarding equitable tolling. The fact that Petitioner is untrained in the law, is proceeding without an attorney, or may have been unaware of the statute of limitations also does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen v. Yukins*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

### D. Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. "'[A]ctual innocence' is factual innocence." *Bousley v. United States*, 523, U.S. 614, 624 (1998).

In order to make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, Petitioner does not mention any new evidence, nor does he proffer any new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Because Petitioner has wholly failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).

### E. Timeliness Under § 2244 (d)(1)(B)–(D)

While Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A), that "subsection . . . provides one means of calculating the limitation with regard to the 'application' as a whole . . . judgment, but three others . . . require claim-by-claim consideration." *Pace*, 544 U.S. at 416 n.6. Petitioner provides no assertions that he was impeded from filing his § 2254 petition by State

action, nor does he rely upon a new right made retroactively applicable to cases on collateral review. Thus, §§ 2244(d)(1)(B) and 2244(d)(1)(C) do not apply.

Petitioner also does not set forth any facts suggesting that § 2244(d)(1)(D) renders his § 2254 petition timely filed. As set forth above, that subsection provides that the limitations period commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." However, as noted *supra*, in lieu of setting out his claims for relief, Petitioner merely invites the Court to "see attachments." It appears that Petitioner intends to simply reiterate some or all of the claims for relief he raised on direct appeal and his Rule 6.502 motion. In light of that conclusion, the Court sees no basis for how § 2244(d)(1)(D) could apply to render his § 2254 petition timely filed.

In sum, based on the allegations set forth in the petition, even with the benefit of statutory tolling, the one-year limitations period had expired well before Petitioner filed his § 2254 petition on January 13, 2025. Petitioner offers no basis for statutory tolling or equitable tolling. Moreover, as set forth above, Petitioner has not demonstrated entitlement to belated commencement of the limitations period at this time.

## Conclusion

The Supreme Court has directed the District Court to give fair notice and an adequate opportunity to be heard before dismissal of a petition on statute of limitations grounds. *See Day*, 547 U.S. at 210; *see also Nassiri v. Mackie*, 967 F.3d 544, 548 (6th Cir. 2020). The Court will allow Petitioner 28 days to show cause why the petition should not be dismissed as untimely.

An order consistent with this opinion will be entered.

Dated:    January 28, 2025                        /s/ *Maarten Vermaat*
                                                  Maarten Vermaat
                                                  United States Magistrate Judge