UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

VINCENT EDWARD OVALLE,

                  Petitioner,                    Case No. 1:25-cv-63

v.                                          Honorable Maarten Vermaat

J. TANNER,

                  Respondent.

_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. As part of a preliminary review of the petition under Rule 4 of the Rules Governing § 2254 Cases, the Court noted that it appeared that Petitioner had failed to timely file his petition. (Op., ECF No. 4.) The Court therefore entered an order directing Petitioner to show cause within 28 days why his petition should not be dismissed as untimely. (Order, ECF No. 5.) More than 28 days have passed, and Petitioner has not responded.

Pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure, Petitioner consented to proceed in all matters in this action under the jurisdiction of a United States magistrate judge. (§ 2254 Pet., ECF No. 1, PageID.13.) Section 636(c) provides that "[u]pon the consent of the parties, a full-time United States magistrate judge . . . may conduct any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case . . . ." 28 U.S.C. § 636(c).

This case is presently before the Court for preliminary review pursuant to 28 U.S.C. § 2253 and Rule 4 of the Rules Governing § 2254 Cases. The Court is required to conduct this initial review prior to the service of the petition. Rule 4, Rules Governing § 2254 Cases.

Service of the petition on the respondent is of particular significance in defining a putative respondent's relationship to the proceedings. "An individual or entity named as a defendant is not obliged to engage in litigation unless notified of the action, and brought under a court's authority, by formal process." *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 347 (1999). "Service of process, under longstanding tradition in our system of justice, is fundamental to any procedural imposition on a named defendant." *Id.* at 350. "[O]ne becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear and defend." *Id.* (citations omitted). That is, "[u]nless a named defendant agrees to waive service, the summons continues to function as the *sine qua non* directing an individual or entity to participate in a civil action or forgo procedural or substantive rights." *Id.* at 351.

Rule 4, by requiring courts to review and even resolve the petition before service, creates a circumstance where there may only be one party to the proceeding—the petitioner. Because Respondent has not yet been served, the undersigned concludes that Respondent is not presently a party whose consent is required to permit the undersigned to conduct a preliminary review of the petition. *See Neals v. Norwood*, 59 F.3d 530, 532 (5th Cir. 1995) ("The record does not contain a consent from the defendants[; h]owever, because they had not been served, they were not parties

to th[e] action at the time the magistrate entered judgment.").[1] Petitioner's consent is sufficient to permit the undersigned to conduct the Rule 4 review.

The Court conducts a preliminary review of the petition under Rule 4 to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (discussing that a district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). The Court may also *sua sponte* dismiss a habeas action as time-barred under 28 U.S.C. § 2244(d). *Day v. McDonough,* 547 U.S. 198, 209 (2006).

As noted above, the Court afforded Petitioner an opportunity to demonstrate why his petition should not be dismissed as untimely. Petitioner failed to respond. Accordingly, the Court will dismiss the § 2254 petition as untimely.

---

[1] *But see Coleman v. Lab. & Indus. Rev. Comm'n of Wis*., 860 F.3d 461, 471 (7th Cir. 2017) (concluding that, when determining which parties are required to consent to proceed before a United States magistrate judge under 28 U.S.C. § 636(c), "context matters" and the context the United States Supreme Court considered in *Murphy Bros.* was nothing like the context of a screening dismissal pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c)); *Williams v. King*, 875 F.3d 500, 503–04 (9th Cir. 2017) (relying on Black's Law Dictionary for the definition of "parties" and not addressing *Murphy Bros.*); *Burton v. Schamp*, 25 F.4th 198, 207 n.26 (3d Cir. 2022) (premising its discussion of "the term 'parties' solely in relation to its meaning in Section 636(c)(1), and . . . not tak[ing] an opinion on the meaning of 'parties' in other contexts").

**Discussion**

## I.    Factual Allegations

Petitioner is incarcerated with the Michigan Department of Corrections at the Macomb Correctional Facility (MRF) in Lenox Township, Macomb County, Michigan. On August 9, 2018, an Ingham County Circuit Court jury convicted Petitioner of criminal sexual conduct-1st degree (CSC-I), in violation of Mich. Comp. Laws § 750.520b, assault with intent to commit great bodily harm less than murder or by strangulation (AIGBH), in violation of Mich. Comp. Laws § 750.84, unlawful imprisonment, in violation of Mich. Comp. Laws § 750.349b, and torture, in violation of Mich. Comp. Laws § 750.85. *See People v. Ovalle*, No. 346175, 2020 WL 1170816, at *1 (Mich. Ct. App. Mar. 10, 2020). On September 27, 2018, the trial court sentenced Petitioner as a third-offense habitual offender, Mich. Comp. Laws § 769.11, to "concurrent prison terms of 427 to 1,000 months for his torture conviction, 24 to 360 months for his unlawful-imprisonment conviction, and 24 to 240 months for his AIGBH conviction, and to a consecutive prison term of 427 to 1,000 months for his CSC-I conviction." *See id.*

The Michigan Court of Appeals affirmed Petitioner's convictions and sentences on March 10, 2020. *See id.* The Michigan Supreme Court denied Petitioner's application for leave to appeal on November 24, 2020. *See People v. Ovalle*, 950 N.W.2d 735 (Mich. 2020). On August 10, 2022, Petitioner filed a motion for relief from judgment[2] pursuant to Michigan Court Rule 6.502, which

---

[2] Case Events, *State of Michigan v. Ovalle*, No. 17-000627-FC (Ingham Cnty. Cir. Ct.), https:// courts.ingham.org/CourtRecordSearch/ (enter Last Name "Ovalle, First Name "Vincent," Date of Birth "09/14/2023," check "Criminal/Traffic," select "Search;" check Case Number "17-000627-FC," select "Search;" select "View;" last visited Feb. 24, 2025).

was denied by the trial court on August 22, 2022. (ECF No. 1-1, PageID.105–107.) Petitioner did

not appeal the denial of his Rule 6.502 motion to the state appellate courts.

Petitioner used this Court's form petition to prepare his § 2254 petition, but has provided

very little information. Instead of completing the form, Petitioner directs the Court to "see

attachments." Those attachments include: (1) a copy of the People's appellate brief from

Petitioner's direct appeal; (2) a copy of Petitioner's appellate brief from his direct appeal; (3) a

copy of the Michigan Court of Appeals' opinion affirming his convictions and sentences on direct

appeal; (4) a copy of Petitioner's *pro per* application for leave to appeal to the Michigan Supreme

Court; (5) a copy of the Michigan Supreme Court's order denying the application for leave to

appeal; and (6) a copy of the trial court's August 24, 2022, order denying Petitioner's motion for

relief from judgment pursuant to Michigan Court Rule 6.502.

This Court received Petitioner's § 2254 petition on January 17, 2025. Petitioner indicates

that he gave his § 2254 petition to prison authorities for mailing to the Court on January 13, 2025.

(§ 2254 Pet., ECF No. 1, PageID.13.) Under Sixth Circuit precedent, Petitioner's § 2254 petition

is deemed filed as of January 13, 2025. *See Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002).

## II.    Statute of Limitations

Petitioner's application appears to be barred by the one-year statute of limitations set forth

in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism

and Effective Death Penalty Act, Pub. L. No. 104-132, 110 Stat. 1214 (AEDPA). Section

2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State court. The
> limitation period shall run from the latest of--

(A)    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

### A.    Timeliness Under § 2244(d)(1)(A)

In most cases, § 2244(d)(1)(A) provides the operative date from which the one-year limitations period is measured. Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). As set forth *supra*, the Michigan Supreme Court denied Petitioner's application for leave to appeal on November 24, 2020. *See People v. Ovalle*, 950 N.W.2d 735 (Mich. 2020). Petitioner did not petition the United States Supreme Court for a writ of certiorari. (§ 2254 Pet., ECF No. 1, PageID.2.)

Petitioner's one-year limitations period under § 2244(d)(1)(A) did not begin to run until the period during which Petitioner could have sought review in the United States Supreme Court expired. *See Lawrence v. Florida*, 549 U.S. 327, 332–33 (2007); *Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). Here, that period expired 150 days after November 24, 2020, or on Friday, April 23, 2021. *See Rules of the Supreme Court of the United States-Miscellaneous Order addressing the Extension of Filing Deadlines [COVID-19]*, 334 F.R.D. 801 (2020) (extending the period to file a petition for certiorari from 90 days to 150 days for petitions due on or after March

19, 2020); *Miscellaneous Order Rescinding COVID-19 Orders*, 338 F.R.D. 801 (2021) (rescinding

the extension for orders denying discretionary review issued on or after July 19, 2021). Petitioner,

therefore, had one year from April 23, 2021, until Saturday, April 23, 2022,[3] to file his habeas

petition. That deadline was extended, however, to Monday, April 25, 2022, because the Court is

not open on Saturdays. *See* Fed. R. Civ. P. 6(a)(1)(C) (noting that when the last day of a period

stated in days falls on a Saturday, Sunday, or legal holiday, the "period continues to run until the

end of the next day that is not a Saturday, Sunday, or legal holiday"). As set forth above, Petitioner

did not file his § 2254 petition until January 13, 2025. Obviously, absent tolling, Petitioner filed

well more than one year after the time for direct review expired.

### B.      Statutory Tolling

The running of the statute of limitations is tolled when "a properly filed application for

State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167, 181–82 (2001)

(limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S.

4, 8 (2000) (defining "properly filed"). As noted above, on August 10, 2022, Petitioner filed a

motion for relief from judgment pursuant to Michigan Court Rule 6.502. The trial court denied the

Rule 6.502 motion on August 24, 2022. (ECF No. 1-1, PageID.105–107.) Petitioner did not seek

to appeal that denial to the Michigan appellate courts.

The one-year limitations period under AEDPA, however, expired on April 25, 2022.

Petitioner did not file his Rule 6.502 motion until more than three months after the limitations

period expired. Here, the limitations period was not "revived" when Petitioner filed his Rule 6.502

motion; the statutory tolling provision does not "restart the clock . . . it can only serve to pause a

---

[3] The Sixth Circuit recently confirmed that the one-year period of limitation runs to and includes
the anniversary of the finality date. *See Moss v. Miniard*, 62 F.4th 1002, 1009–10 (6th Cir. 2023).

clock that has not yet fully run." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (internal quotation marks omitted). When the limitations period has expired, "collateral petitions can no longer serve to avoid a statute of limitations." *Id.*

Petitioner, therefore, is not entitled to any statutory tolling since the one-year limitations period had already expired by the time he sought post-conviction relief in the trial court.[4] Thus, the one-year limitations period expired on April 25, 2022, and Petitioner's § 2254 petition, filed on January 13, 2025, is clearly untimely.

### C.    Equitable Tolling

The one-year limitations period applicable to § 2254 is also subject to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010). A petitioner bears the burden of showing that he is entitled to equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). The Sixth Circuit repeatedly has cautioned that equitable tolling relief should be granted "sparingly." *See, e.g., Ata v. Scutt,* 662 F.3d 736, 741 (6th Cir. 2011), *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006); *Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). A petitioner seeking equitable tolling must show: "'(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland*, 560 U.S. at 649 (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner does not raise any arguments regarding equitable tolling. The fact that Petitioner is untrained in the law, is proceeding without an attorney, or may have been unaware of the statute

---

[4] In its previous opinion, the Court initially stated that even with the benefit of statutory tolling from August 10, 2022, until February 24, 2023, to account for the six-month period Petitioner had to seek leave to appeal the denial of his motion, Petitioner's § 2254 petition was still untimely. The Court's further review, as set forth above, has led to a conclusion that statutory tolling is not warranted given that Petitioner filed his Rule 6.502 motion after the one-year limitations period had already expired.

of limitations also does not warrant tolling. *See Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 464 (6th Cir. 2012) ("Keeling's *pro se* status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse his late filing."); *Allen v. Yukins*, 366 F.3d at 403 ("'[I]gnorance of the law alone is not sufficient to warrant equitable tolling.'") (quoting *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir. 1991)). Accordingly, Petitioner is not entitled to equitable tolling of the statute of limitations.

### D.    Actual Innocence

In *McQuiggin v. Perkins*, 569 U.S. 383 (2013), the Supreme Court held that a habeas petitioner who can show actual innocence under the rigorous standard of *Schlup v. Delo*, 513 U.S. 298 (1995), is excused from the procedural bar of the statute of limitations under the miscarriage-of-justice exception. "'[A]ctual innocence' is factual innocence." *Bousley v. United States*, 523, U.S. 614, 624 (1998).

In order to make a showing of actual innocence under *Schlup*, a petitioner must present new evidence showing that "it is more likely than not that no reasonable juror would have convicted [the petitioner.]" *McQuiggin*, 569 U.S. at 399 (quoting *Schlup*, 513 U.S. at 327 (addressing actual innocence as an exception to procedural default)). Because actual innocence provides an exception to the statute of limitations rather than a basis for equitable tolling, a petitioner who can make a showing of actual innocence need not demonstrate reasonable diligence in bringing his claim, though a court may consider the timing of the claim in determining the credibility of the evidence of actual innocence. *Id.* at 399–400.

In the instant case, Petitioner does not mention any new evidence, nor does he proffer any new evidence of his innocence, much less evidence that makes it more likely than not that no reasonable juror would have convicted him. *Schlup*, 513 U.S. at 327, 329. Because Petitioner has

wholly failed to provide evidence of his actual innocence, he would not be excused from the statute of limitations under 28 U.S.C. § 2244(d)(1).

  **E.  Timeliness Under § 2244 (d)(1)(B)–(D)**

  While Petitioner's § 2254 petition is untimely under § 2244(d)(1)(A), that "subsection . . . provides one means of calculating the limitation with regard to the 'application' as a whole . . . judgment, but three others . . . require claim-by-claim consideration." *Pace*, 544 U.S. at 416 n.6. Petitioner provides no assertions that he was impeded from filing his § 2254 petition by State action, nor does he rely upon a new right made retroactively applicable to cases on collateral review. Thus, §§ 2244(d)(1)(B) and 2244(d)(1)(C) do not apply.

  Petitioner also does not set forth any facts suggesting that § 2244(d)(1)(D) renders his § 2254 petition timely filed. As set forth above, that subsection provides that the limitations period commences on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." However, as noted *supra*, in lieu of setting out his claims for relief, Petitioner merely invites the Court to "see attachments." It appears that Petitioner intends to simply reiterate some or all of the claims for relief he raised on direct appeal and in his Rule 6.502 motion. In light of that conclusion, the Court sees no basis to apply § 2244(d)(1)(D) and render his § 2254 petition timely filed.

  In sum, the limitations period expired as of April 25, 2022, and Petitioner has failed to show cause to excuse the tardy filing of his § 2254 petition. The Court, therefore, will issue a judgment dismissing the petition with prejudice.

**III. Certificate of Appealability**

  The Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved

issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

Petitioner's application is untimely and, thus, barred by the statute of limitations. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id.*

Reasonable jurists could not find it debatable whether Petitioner's application was timely. It is filed more than one year after the underlying judgment became final and he offers neither reason nor excuse why it is late. Therefore, a certificate of appealability will be denied. Nonetheless, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order denying a certificate of appealability and a judgment dismissing the petition with prejudice as untimely.

Dated:    March 21, 2025                              /s/ *Maarten Vermaat*
                                                                         Maarten Vermaat
                                                                         United States Magistrate Judge

11